IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANDREA O'ROURKE INDIVIDUALLY )<br>AND ON BEHALF OF SIMILARLY )<br>SITUATED INDIVIDUALS, )<br>             )<br>  Plaintiffs,       )<br>             )<br>v.             )<br>             )<br>LANDRY'S CRAB SHACK, INC. d/b/a )<br>BOARDWALK INN,      )<br>             )<br>  Defendant.       ) | Civil Action No. 3:20-cv-00271 |

**DEFENDANT LANDRY'S CRAB SHACK, INC. d/b/a BOARDWALK INN'S
MOTION TO DISMISS AND COMPEL ARBITRATION**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or, in the alternative, 12(b)(3) or 12(b)(6),[1] Defendant Landry's Crab Shack, Inc. d/b/a Boardwalk Inn ("Landry's") moves the Court for an order dismissing this action with prejudice and compelling the arbitration of all claims asserted by Plaintiff Andrea O'Rourke ("Plaintiff").  In further support, Landry's states as follows:

---

[1] There is inconsistency among the circuits, including within the Fifth Circuit, as to whether as to whether Rule 12(b)(1), 12(b)(3), or 12(b)(6) is the proper vehicle for dismissal based on an arbitration clause.  *See Cont'l Cas. Co. v. Am. Nat. Ins. Co*., 417 F.3d 727, 732 n.5–7 (7th Cir. 2005) (collecting cases); *Noble Drilling Servs., Inc. v. Certex USA, Inc*., 620 F.3d 469, 472 n.3 (5th Cir. 2010) (observing that Fifth Circuit has not resolved whether Rule 12(b)(1) or Rule 12(b)(3) is proper vehicle).  The Fifth Circuit, however, has stated that when the parties' dispute is subject to binding arbitration, a district court lacks subject-matter jurisdiction over the dispute under Rule 12(b)(1).  *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014).  Landry's therefore moves for an order compelling arbitration and dismissal under Rule 12(b)(1) or, in the alternative, under Rule 12(b)(3) or 12(b)(6).  *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc*., 625 F. App'x 617, 627 (5th Cir. 2015) (affirming dismissal where defendant "would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause").

---

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**          **PAGE 1**

## I.   INTRODUCTION

This dispute should proceed in arbitration. Plaintiff was hired by Landry's Seafood House in October 2018. On October 25, 2018, Plaintiff signed a Mutual Agreement to Arbitrate ("Arbitration Agreement") with Landry's, Inc. (parent company to Defendant Landry's) requiring that any and all claims arising out of or related to her employment with Landry's be submitted to final and binding arbitration.[2]

In this collective and class action, Plaintiff alleges that Landry's failed to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff also alleges common state law claims for quantum meruit, money had and received, and unjust enrichment. The Arbitration Agreement expressly covers FLSA and common state law claims, like the ones alleged by Plaintiff in this matter. Further, by signing the Arbitration Agreement, Plaintiff waived her right to pursue covered claims via collective or class action. Landry's respectfully requests that the Court dismiss this lawsuit and compel Plaintiff to honor the Arbitration Agreement.

## II.   BACKGROUND FACTS

**A.   Plaintiff Signed the Agreement in October 2018.**

Landry's operates the Boardwalk Inn at the Kemah Boardwalk. Plaintiff is a former employee of Landry's. On October 25, 2018, Plaintiff executed the Receipt and Arbitration Acknowledgement accepting and agreeing to comply with the Arbitration Agreement.[3] Pursuant to the Arbitration Agreement, any and all claims arising out of or related to Plaintiff's employment

---

[2] *See* Mutual Agreement to Arbitrate, attached hereto as Exhibit A, and Decl. of Laura Jasso, attached hereto as Exhibit B. Although the Arbitration Agreement is with Landry's, Inc. the definition includes all "predecessors, affiliated or related entities or companies." Both Landry's Seafood House and Boardwalk Inn are covered by the Arbitration Agreement as related companies. Moreover, when applying at both locations, Plaintiff acknowledged she would be bound by the terms and conditions of the Arbitration Agreement. *See* Plaintiff's Landry's Seafood House Employment Application, attached hereto as Exhibit C, and Plaintiff's Boardwalk Inn Employment Application, attached hereto as Exhibit D.
[3] *See* Ex. B, and Receipt and Arbitration Acknowledgement, attached hereto as Exhibit E.

with Landry's are required to be submitted to final and binding arbitration.[4] In particular, Plaintiff "accept[ed] and agree[d] to comply with the terms of the Arbitration Agreement."[5]

The Arbitration Agreement also contains a Class Action Waiver, requiring the parties to arbitrate their claims only in an individual capacity, and expressly prohibiting Plaintiff from initiating a collective action in court.[6] Specifically, the Class Action Waiver provides:

> By this Agreement, Employee waives the right to pursue any claim covered by this Agreement through a joint, collective or class action process in any forum, whether arbitral or judicial. As such, Employee can pursue any Claim only in his/ her capacity and behalf and not on behalf of other Company employees.[7]

On August 25, 2020, Plaintiff filed a Collective Action Complaint in the District Court for the Southern District of Texas, Galveston Division alleging claims under the FLSA and state common law claims.[8] As explained below, the Arbitration Agreement requires Plaintiff to pursue these claims in arbitration on an individualized basis. As such, this Court should enter an order dismissing this action and compelling Plaintiff to arbitrate her claim on an individual basis.

**B.     Procedural History.**

On July 28, 2020, prior to Plaintiff's filing of this lawsuit, Landry's notified Plaintiff's counsel of the Arbitration Agreement that Plaintiff signed at the start of her employment with Landry's.[9] Ignoring that Plaintiff agreed to be bound by the Arbitration Agreement, on August 25, 2020, Plaintiff improperly filed this action with this Court.[10]

On September 1, 2020, counsel for Landry's sent counsel for Plaintiff a letter wherein he again notified Plaintiff's counsel of Plaintiff's Arbitration Agreement, and provided him with a

---

[4] *See* Exs. A, at ¶ 6, and B.
[5] Ex. E; *see* Ex. B.
[6] *See* Exs. A, at ¶ 6(d), and B.
[7] Ex. A, at ¶ 6(d); *see* Ex. B.
[8] *See* Plaintiff's Original Compl., on file with this Court.
[9] *See* July 28, 2020 Letter from Landry's to Plaintiff's Counsel, attached hereto as Exhibit F.
[10] *See* Compl.

---

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**                                    **PAGE 3**

signed copy of the agreement.  Counsel for Landry's conferred with counsel for Plaintiff on the issues set forth in this Motion, inquiring whether Plaintiff would voluntarily agree to dismiss this lawsuit and proceed in arbitration in light of the Arbitration Agreement.  Plaintiff's counsel indicated he was opposed to the filing of this Motion and instructed counsel for Landry's to file the Motion.  Landry's now moves to dismiss with prejudice and compel Plaintiff to arbitrate her claims on an individual basis, as she agreed to do before filing this action.

## II.     ARGUMENT AND AUTHORITIES

A.     **The Federal Arbitration Act Governs This Matter.**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, requires this Court to enforce the parties' Arbitration Agreement.  Section 2 of the FAA sets forth in pertinent part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.

The FAA, 9 U.S.C. §§ 1 (2002), *et seq.*, expresses a strong public policy favoring arbitration of a wide class of disputes.[11]  It provides that written agreements to settle controversies by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[12]

The U.S. Supreme Court in *Epic Sys.* held that as a matter of law, the FAA requires courts to enforce arbitration agreements.[13]  The Court observed that the FAA represents Congress' judgment that arbitration includes "the promise of quicker, more informal, and often cheaper resolutions for everyone involved."[14]  The majority opinion in *Epic Sys.* then noted that the

---

[11] *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (internal citations omitted).
[12] 9 U.S.C. § 2.
[13] 138 S. Ct. 1612, 1621.
[14] *Id.* (internal citations omitted).

Supreme Court has previously observed that "the [FAA] requires courts 'rigorously to enforce arbitration agreements,'" citing to its decisions in *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) and *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011).[15]

The Supreme Court also makes clear that arbitration agreements entered into in the employment context are subject to the FAA and generally enforceable.[16] In *Circuit City Stores, Inc. v. Adams*, the Court held that the FAA applied to arbitration agreements in the employment context and properly covered all claims filed by employees. In so holding, the Court recognized the benefits of arbitration and rejected the idea that those advantages somehow disappear when transferred to the employment context.[17]

Similarly, "Texas law strongly favor[s] arbitration."[18] Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is construction of the contract language itself or an allegation of waiver, delay, or any like defense to arbitrability."[19]

B.     **The Court Should Enforce The Agreement And Compel Plaintiff To Arbitrate.**

A court asked to compel arbitration undertakes a two-pronged inquiry.[20] Under the first prong, the court must determine whether the parties agreed to arbitrate the dispute at issue.[21] Two considerations bear on this determination: (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute in question falls within the scope of that agreement.[22] Under the second prong of the inquiry, the court must consider whether any legal constraints external to the parties'

---

[15] *Id.* (internal citations omitted).
[16] *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).
[17] *Id.* at 123.
[18] *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008).
[19] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).
[20] *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 46 (5th Cir. 2001).
[21] *Id.* at 445.
[22] *Id.*

agreement foreclose the arbitration of the claims.[23] "If the court finds that the two-prong inquiry is satisfied, arbitration is mandatory."[24]

1. *The parties agreed to arbitrate this dispute.*

   a. **A valid arbitration agreement exists.**

Ordinary state-law contract principles determine the validity of a written arbitration agreement.[25] In Texas, arbitration agreements between employers and employees are generally enforceable.[26] The Arbitration Agreement signed by Plaintiff provides that the Agreement covers "all Claims and causes of action arising under the federal and state employment laws…includ[ing], but [ ] not limited to, claims under…the Fair Labor Standards Act…as well as all common law claims…."[27] Further, immediately above Plaintiff's signature, the Receipt and Arbitration Acknowledgement states, "I understand that by receiving this **Mutual Agreement to Arbitrate** and becoming employed (or continuing employment with the Company)…I am accepting and agreeing to comply with the Arbitration Agreement."[28] On its face, the Arbitration Agreement advises Plaintiff that, while she is not waiving any substantive legal rights, she is agreeing to change the forum where covered disputes would be resolved.[29] Additionally, adequate consideration was provided for Plaintiff's promise to arbitrate her claims because she was given employment and the promise to arbitrate was mutual.[30] Plaintiff's execution of the Arbitration Agreement leaves no doubt as to the validity of her agreement to arbitrate.

---

[23] *Id.* at 446.
[24] *Gray v. Sage Telecom, Inc.*, 410 F. Supp. 2d 507, 510 (N.D. Tex. 2006) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).
[25] *Webb v. Investacorp*, 89 F.3d 252, 257 (5th Cir. 1996).
[26] *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008).
[27] Ex. A, at ¶ 6(a)(ii); *see* Ex. B.
[28] Ex E; *see* Ex. B.
[29] *See* Exs. A, B and E.
[30] *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (citing *In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007) (per curiam)) ("Mutual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement.").

### b.      Plaintiff's claims fall within the scope of the Arbitration Agreement.

Having determined that a plaintiff has agreed to arbitrate, a court's second task is to determine whether the claims at issue fall within the scope of that agreement.[31]   The Court need only satisfy itself that the issues in the action are referable to arbitration.[32]   A clause in a contract providing for dispute resolution should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute.[33]

Here, the Arbitration Agreement unmistakably covers Plaintiff's claims.  The Arbitration Agreement encompasses "all Claims and causes of action arising under the federal and state employment laws…includ[ing], but [ ] not limited to, claims under…the Fair Labor Standards Act…as well as all common law claims…."[34]   Plaintiff's claims in this case are thus clearly encompassed by the scope of the Arbitration Agreement.

### 2.      *No external legal constraints foreclose arbitration of Plaintiff's claims*

Individuals seeking to avoid an arbitration agreement "face a high bar," even when pursuing federal statutory claims, because of the federal policies favoring the private arbitration of disputes.[35]   A court will enforce a party's commitment to arbitrate his or her claims unless the party can show that Congress intended to preclude arbitration or other nonjudicial resolution of those claims.[36]   Here, there is no such intent.[37]   Therefore, the two-prong inquiry is satisfied, such that arbitration is mandatory.

---

[31]  *OPE Int'l*, 258 F.3d at 445–46.
[32]  9 U.S.C. § 3.
[33]  *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960).
[34]  Ex. A, at ¶ 6(a)(ii); *see* Ex. B.
[35]  *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).
[36]  *Id.*
[37]  *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (finding no evidence that Congress intended to preclude arbitration of FLSA claims in the text or legislative history of the FAA) (internal citations omitted).

**C. The Court Should Require Plaintiff To Arbitrate Her Claims On An Individualized Basis.**

The Arbitration Agreement states that Plaintiff "waives the right to pursue any claim covered by this Agreement through a joint, collective or class action process in any forum, whether arbitral or judicial," and Plaintiff "can pursue any Claim only in [ ] her capacity and behalf and not on behalf of other Company employees."[38] This class waiver is fully enforceable.[39] Plaintiff's FLSA and common state law claim fall within the scope of claims covered by the Arbitration Agreement and, thus, must be arbitrated pursuant to the Arbitration Agreement on an individualized basis.

**D. Plaintiff's Lawsuit Should Subsequently Be Dismissed With Prejudice.**

It is undisputed that a court must, at the very least, stay a suit containing issues subject to arbitration under a written arbitration agreement until the arbitration "has been had in accordance with the terms of the agreement."[40] However, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."[41] Indeed, dismissal with prejudice is proper. "The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA."[42] The Fifth Circuit has "held that a district court lacks subject matter jurisdiction over a case and should

---

[38] Ex. A, at ¶ 6(d); *see* Ex. B.
[39] *Epic Sys.*, 138 S. Ct. at 1624-25 (holding individual arbitration agreements are enforceable and do not conflict with the NLRA's collective-action guarantees); *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682, 692 (S.D. Tex. 2013) (individual arbitration agreements are enforceable and do not conflict with the FLSA's collective-action guarantees).
[40] 9 U.S.C. § 3.
[41] *Alford*, 975 F.2d at 1164 (emphasis in original); *see Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999).
[42] *Athas Health, LLC v. Giuffre*, No. 3:17-CV-300-L-BN, 2018 WL 1026271, at *4 (N.D. Tex. Feb. 23, 2018) (citing *Alford*, 975 F.2d at 1164).

dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration."[43]

In this case, the only claims brought by Plaintiff are claims governed by the Arbitration Agreement.  Accordingly, the Court should dismiss the action with prejudice under Rule 12(b)(1) or, in the alternative, under Rule 12(b)(3) or 12(b)(6).[44]

### III.  CONCLUSION

For the foregoing reasons, Landry's respectfully requests that the Court enter an Order compelling Plaintiff to comply with the provisions of the Arbitration Agreement, ordering that Plaintiff may only pursue her claims against Landry's in arbitration on an individualized basis, dismissing Plaintiff's Complaint, and granting Landry's any and all other and further relief, at law or in equity, to which it is entitled.

Respectfully submitted,

/s/ James T. McBride
James T. McBride
Texas State Bar No. 24098061
james.mcbride@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214.987.3800 (phone)
214.987.3927 (fax)

**ATTORNEYS FOR DEFENDANT LANDRY'S CRAB SHACK INC. d/b/a BOARDWALK INN**

---

[43] *Donahoe*, 751 F.3d at 306 (citing cases).
[44] *See Doe v. Virginia Coll., LLC*, No. 1:19-CV-23-RP, 2019 WL 1131424, at *2 (W.D. Tex. Mar. 12, 2019); *Mendez v. Wal-Mart Assocs., Inc.*, No. EP-18-CV-189-PRM, 2018 WL 7288583, at *6 (W.D. Tex. Nov. 28, 2018).

## CERTIFICATE OF CONFERENCE

In compliance with Galveston District Court Rule of Practice 6, I hereby certify that I conferred via email and telephone with counsel for Plaintiff.  Counsel for Plaintiff indicated he was opposed to the motion and the relief sought herein.

*/s/ James T. McBride*
James T. McBride

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then transmit a Notice of Electronic Filing to all parties of record.

*/s/ James T. McBride*
James T. McBride

44261004.1