IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | § | |
|---|---|---|
| **ANDREA O'ROURKE, individually and on behalf of similarly situated individuals** | § § § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:20-cv-00271** |
| | § | |
| **LANDRY'S CRAB SHACK INC. d/b/a BOARDWALK INN** | § § | |
| | § | |
| **Defendants** | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS AND COMPEL ARBITRATION</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ANDREA O'ROURKE ("Plaintiff"), and files her Response to Defendant's Motion to Dismiss and Compel Arbitration, and in support would respectfully show this Court as follows:

**I.
LEGAL ISSUES**

Defendant is claiming that it is a subsidiary of Landry's. Through its Director of Human Resources, Landry's Inc. who is not a party to this case is taking the position that it is entitled to an "evergreen" arbitration agreement. They are expecting all former employees who sign an arbitration agreement with a company that is a subsidiary with Landry's to remain bound by it should they ever end their employment and work for any other employers that may be affiliated with Landry's. They carry this expectation while failing to get clear consent from the employee by following the necessary process of entering into a separate arbitration agreement. They do not make these terms clear to the employees entering their employment agreement.

1

## II.
## BACKGROUND

Plaintiff Andrea O'Rourke ("Ms. O'Rourke") started her employment as a waitress at a restaurant going by the name of Landry's Seafood House. The company that owns and operates the restaurant is Landry's Inc. Ms. O'Rourke worked as a server at Landry's Seafood House from October 23, 2018, to mid-December of 2018. When Ms. O'Rourke filled out the job application for Landry's Seafood House on October 23, 2018, she was not given a copy of the arbitration agreement.[1] On October 25, 2018, Ms. O'Rourke signed a "Receipt and Acknowledgement of Summary Plan Description" which included the "Arbitration Acknowledgment"[2] *In December of 2018, Plaintiff quit her* waitress job and left Landry's Seafood House. She applied for and secured a position at the nearby hotel going by the name of Boardwalk Inn. The company that owns and operates the hotel that hired Plaintiff is Landry's Crab Shack Inc.  This hotel, Boardwalk Inn, is the employer she is suing in this lawsuit, not the restaurant she previously worked at. Boardwalk Inn did not provide Ms. O'Rourke with an arbitration agreement.  The Arbitration Agreement ECF No. 8-1 and the Receipt of Acknowledgement ECF No. 8-5 were for the restaurant job at Landry's Seafood House, not for the hotel job at Boardwalk Inn. Defendant does not have any proof that they provided her with an arbitration agreement.  On December 7, 2018, Ms. O'Rourke completed a job application at Boardwalk Inn. She was not given a copy of any arbitration agreement[3] from Boardwalk Inn. When Ms. O'Rourke accepted the front desk position at Boardwalk Inn she severed her relationship with Landry's Seafood House.

---

[1] See Exhibit 1 Andrea O'Rourke Declaration para nos. 3 and 4
[2] See Exhibit 1 Andrea O'Rourke Declaration para no. 5
[3] See Exhibit 1 Andrea O'Rourke Declaration para no. 9

Through the entirety of her employment with Boardwalk Inn, Ms. O' Rourke never saw an Arbitration Agreement for Boardwalk Inn and did not know one existed[4]. Ms. O'Rourke has never seen or read the arbitration agreement for her job at the Boardwalk Inn[5]. No one at the hotel ever told Ms. O'Rourke there was an arbitration agreement or where she could get a copy[6]. Ms. O'Rourke never agreed to the terms of the arbitration agreement for her hotel job at the Boardwalk Inn[7].

Boardwalk Inn's job application does not mention the scope of the arbitration, collective, or class waiver. This language was found in her job application at the hotel. ECF No. 8-4

> **NOTICE PURSUANT TO THE FAIR LABOR STANDARDS ACT (FEDERAL WAGE AND HOUR LAW):**
> I understand that tips will be treated as satisfying part of the minimum wage obligation unless prohibited by state law. To maximize guest service, we promote a policy of sharing tips among all employees who regularly and customarily provide service to our guests, such as hosts, bussers, food runners, and bartenders. Therefore, the practice of sharing tips among tipped employees is approved by all of our facilities, unless otherwise prohibited by state law. The amount and distribution of tipshare will vary by concept and location. Your management team will advise you of the tipshare percentage and distribution for your specific location. Management reserves the right to amend the tipshare percentage at its discretion at any time.
>
> **NOTICE OF THE COMPANY'S MANDATORY ARBITRATION POLICY:**
> I understand that, if hired by the Company, as a condition of employment I will be required to agree to the Company's Agreement to Arbitrate Claims (the "Agreement"), which applies to certain claims I may have against the Company and includes a class and collective action waiver. The Agreement will be effective with continued employment with the Company. I have been advised and understand that, upon request, a manager will provide a copy of the Agreement to me prior to commencement of employment.
>
> **AUTHORIZATION**
> I attest with my signature below that I have given to the Company true and complete information on this application and that no requested information has been concealed. I agree and understand that any misleading or false information provided by me herein, regardless of time of discovery, will justify my rejection for or termination from employment with the Company.

The job application alone refers to the company's arbitration agreement and that "a manager will provide a copy of the Agreement to me prior to commencement of employment."

---

[4] See Exhibit 1 Andrea O'Rourke Declaration para no. 10
[5] See Exhibit 1 Andrea O'Rourke Declaration para no. 11
[6] See Exhibit 1 Andrea O'Rourke Declaration para no. 12
[7] See Exhibit 1 Andrea O'Rourke Declaration para no. 13

## III.
## LEGAL BACKGROUND

In ruling on a motion to compel arbitration, the court must first determine whether the parties agreed to arbitrate the dispute at issue. *Carey* v. 24 *Hour Fitness, USA, Inc.,* 669 F.3d 202, 205 (5th Cir. 2012). The Court must determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that agreement. *Id.* The liberal federal policy favoring arbitration does not apply to the determination of whether there is a valid contract to arbitrate; instead, courts look to state law principles that govern the formation of contracts. *Rodgers-Glass* v. *Conroe Hasp. Corp.,* CIV.A. H-14-3300, 2015 WL 4190598, at *5 (S.D. Tex. July 10, 2015) (Citing *In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 424 (Tex. 2010)). To establish that a valid arbitration agreement exists, the employer must show the employee received notice of the arbitration policy and accepted it. *Big Bass Towing Co.* v. *Akins,* 409 S.W.3d 835, 838 (Tex. App. - Dallas 2013, no pet.). The party attempting to compel arbitration has the burden of proving that a valid arbitration agreement exists. *Id.* Arbitration is a matter of contract, and *a party cannot be required to submit to arbitration any dispute which she has not agreed to submit. Akin, 409* S.W.3d at 838 (emphasis added).

An arbitration agreement is unenforceable if the clause was a product of fraud, coercion, or such grounds as exist at law or in equity for revocation of the contract. *Id.* (Citing *Freudensprung* v. *Offshore Tech. Servs., Inc.,* 379 F.3d 327, 341 (5th Cir. 2004)). Courts may consider the procedural and substantive unconscionability of an arbitration agreement to evaluate its enforceability. *Servo Corp. Intern.* v. *Lopez,* 162 S.W.3d 801, 809 (Tex. App. - Corpus Christi 2005, no pet.). "A contract is unenforceable if, *'given the parties' general commercial background* and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable *under the circumstances existing when the parties made the contract.* ,,, *In re*

*Poly-Am., L.P.,* 262 S.W.3d 337,348 (Tex. 2008) (Quoting *FirstMerit Bank,* 52 S.W.3d 749, 757 (Tex. 2001)) (emphasis added). Whether a contract is unconscionable is determined in light of a variety of factors aimed at preventing oppression and unfair surprise. *SW Bell Tel. Co.* v. *DeLanney,* 809 S.W.2d 493, 498 (Tex. 1991).

## IV.
## ARGUMENT AND AUTHORITY

### A.   The Parties Did Not Agree to Arbitrate this Dispute

Defendant has not produced sufficient evidence to carry its burden of showing that Plaintiff was put on notice of Crab Shack's arbitration policy. As an initial matter, the Agreement that Defendant attached to its Motion as Exhibit C (ECF NO. 8-3) is dated October 25, 2018 and corresponds with Ms. O'Rourke's October 23, 2018 job application at a restaurant. That document was provided to Ms. O'Rourke by a different employer and corporate entity over at Landry's Seafood House. Crab Shack never gave Ms. O'Rourke an arbitration acknowledgment form or a copy of the arbitration agreement when she worked for them at the Boardwalk Inn. (Exhibit 1) The arbitration agreement at Landry's Seafood House contains the following definition section.

> 3. **Definitions**.
>    a. "Company" includes Landry's Inc., Aqua Waterfront, LLC, Post Oak Motors, LLC, Landry's Acquisition Co., Fertitta Entertainment, Inc., and Fertitta Hospitality, LLC, all officers, directors, agents, franchisors, franchisees, successors, representatives,
>
> **Mutual Agreement to Arbitrate**
> Effective 09/24/14
>
> predecessors, affiliated or related entities or companies of Company.

"Exhibit A" ECF No. 8-1

To a layperson, the arbitration agreement does not mention or refer to Boardwalk Inn. Ms. O'Rourke declares that she did not receive this arbitration agreement. (Exhibit 1). The

5

Texas Supreme Court has "stressed the importance of notice" to the employee of an employer's arbitration policy. *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006). If an employer seeking to compel arbitration does not provide sufficient evidence that the employee received notice of an arbitration policy, the employer's motion to compel arbitration according to that policy may be denied. *See Akin*, 409 S.W.3d at 841-42 (upholding denial of an employer's motion to compel arbitration where the employer failed to adduce sufficient proof that its employee had notice of its arbitration policy). As the moving party, Defendant must provide evidence that the company gave Ms. O'Rourke the arbitration agreement to her or explained the wider breath they are now asserting to her when she was a waitress. While Defendant's declaration states that both locations in which Plaintiff was employed are related entities and bound by the Mutual Agreement to Arbitrate, neither the declarant nor anyone else explained that to Ms. O'Rourke she applied for a waitress job in October of 2018. (**Exhibit 1**) No one at the restaurant or the hotel told Ms. O'Rourke that the agreements she signed at the restaurant as a waitress would apply at her future job at the Boardwalk Inn. (Exhibit 1). Crab Shack has failed to establish that Ms. O'Rourke received notice of and assented to an arbitration agreement.

Boardwalk Inn did not give Ms. O'Rourke an Arbitration Agreement. Ordinary contract principles require a "meeting of the minds" between the parties for an agreement to be valid. *Louisville &N.R. Co.* v. *Kentucky,* 161 U.S. 677, 692,16 S. Ct. 714,40 L.Ed. 849 (1896). The FAA does not require a party to arbitrate when they have not agreed to do so, and arbitration under the FAA is a matter of consent, not coercion. *Am. Heritage Life Ins. Co.* v. *Lang,* 321 F.3d 533,538 (5th Cir. 2003) (Quoting *Volt Infor. Scis. V. Bd. Of Trs.,* 489 U.S. 468, 478-79,109 S. Ct. 1248, 103 L.Ed.2d 488 (1989)). Consent is the essence of every valid contract. *Id.* (Quoting *French* v. *Shoemaker,* 14 Wall. 314, 81 U.S. 314,333,20 L.Ed. 852 (1871)). Where a party

misrepresents facts, acts in less than good faith, or has notice of another party's ignorance, failure to inform the other party may be regarded as fraud in the inducement. *Id.* (Citing *Southern Nat'l Bank v. Crateo,* 458 F.2d 688,693 (5th Cir. 1972)). Plaintiff does not remember receiving the arbitration acknowledgment form an arbitration agreement when she worked at Landry's restaurant. Plaintiff did not receive or sign an arbitration acknowledgment form or a copy of the arbitration during or after the job application process for the hotel job at the Boardwalk Inn. (Exhibit 1)

      If Defendant wants to extend an arbitration agreement from one entity to another, then they should have gotten clear consent from Ms. O'Rourke. "Under standard contract principles, the presence or absence of a party's signature on a written contract is relevant to determining whether there was an intent for an agreement to be binding." *Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 167 (Tex. App.—El Paso 2015, no pet.) (citing *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex. App.—El Paso 2015, no pet.)). "Arbitration under the [FAA] is [*5] a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 469, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). "[T]he FAA 'does not require parties to arbitrate when they have not agreed to do so,' and its purpose is to make arbitration agreements 'as enforceable as other contracts, but not more so.'" *Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 419 (Tex. App.—Dallas 2011, pet. denied) (quoting *Roe v. Ladymon*, 318 S.W.3d 502, 510 (Tex. App.—Dallas 2010, no pet.)). Although public policy favors arbitration, arbitration is also a creature of contract. *In Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App.—El Paso 2004, orig. proceeding)). Thus, "[i]n deciding whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of

arbitration." *Id.*   Ms. O'Rourke never consented or agree to arbitrate this case and did not have notice that any arbitration agreement with Landry's Seafood House would extend to her new employment at the Boardwalk Inn. (Exhibit 1).  There was no meeting of the minds sufficient to give rise to Ms. O'Rourke's assent to the arbitration agreement.  By extension, Defendant cannot establish that Ms. O'Rourke agreed to waive her right to assert a class or collective action.

    **B.**  **Defendant failed to meet the burden of proof.**

  To support its assertion that it gave Ms. O'Rourke a copy of the arbitration agreement, Defendant provided a declaration from Ms. Laura Jasso.   "An affidavit must disclose the basis on which the affiant has personal knowledge [*9] of the facts asserted." *Akin*, 409 S.W.3d at 841 (citing *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988)). "Affidavits not based on personal knowledge are not competent evidence; the affidavit must affirmatively show a basis for such knowledge." *Id.* (citing *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542-43 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). Ms. Jasso's Affidavit is devoid of basic factual support on how she knows that a specific employee received specific documents at a specific time. The affidavit fails to affirmatively show any basis for Mr.  Jasso's purported personal knowledge. Ms. Jasso's declaration does not when if any Ms. O'Rourke was given a copy of the arbitration agreement. Ms. Jasso did not personally observe Ms. O'Rourke getting a copy of the arbitration agreement or oversaw the effort to notify Ms. O'Rourke of the company's arbitration agreement and to sign the acknowledgment form. The affidavit does not state that anyone at Landry's Seafood House or Boardwalk Inn gave Ms. O'Rourke a copy of the arbitration agreement or explained that signing an arbitration acknowledgment at the restaurant would extend to the hotel. Ms. Jasso's declaration states that both locations used the same application,  which provides a notice to applicants that if hired, as a condition of employment the applicant will be required to agree to the Company's Agreement to Arbitrate Claims and that

such agreement includes a class and collective action. When they hired Ms. O'Rourke at the Boardwalk Inn, the Defendant did not follow their process and failed to give Ms. O'Rourke an arbitration agreement and arbitration acknowledgment form.

## V.
## EVEN IF THE COURT COMPELS ARBITRATION, THE COURT SHOULD STAY, RATHER THAN DISMISS, THIS CASE.

The Federal Arbitration Act provides that the proper procedure after entry of an order referring a dispute to arbitration is to stay the case. *See* 9 U.S.C. § 3. Moreover, a dismissal with prejudice is additionally unwarranted because it could arguably bar claims from proceeding even in arbitration and because the arbitrator may yet conclude that some or all of Ms. O'Rourke's claims are not subject to arbitration and may be litigated in court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Crab Shack's Motion to Dismiss and to Compel Arbitration should be in all things DENIED. Plaintiff also requests any such other and further relief, general or special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

TRAN LAW FIRM

/s/ Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case.  Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

                                                          /s/ *Trang Q. Tran*
                                                          Trang Q. Tran