IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREA O'ROURKE, individually and on behalf of similarly situated individuals<br><br>**Plaintiff,**<br><br>v.<br><br>LANDRY'S CRAB SHACK INC. d/b/a BOARDWALK INN<br><br>**Defendants** | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-CV-00271 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**Under Rule 26(f) of the Federal Rules of Civil Procedure**

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.

    Trang Q. Tran appeared on behalf of Plaintiff Andrea O'Rourke ("Plaintiff").

    James McBride appeared on behalf of Defendant Landry's Crab Shack Inc. d/b/a Boardwalk Inn ("Defendant").

    The conference was held via telephone on October 19, 2020

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

    None are known at this time.

3. Briefly describe what this case is about.

    <u>Plaintiff's Position</u>

    Plaintiff brings this lawsuit to recover unpaid wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant. Plaintiff alleges that Defendant failed to compensate her and other similarly situated individuals for work performed off the clock. Defendant automatically deducted 30 minutes from each work shift from Plaintiff and other similarly situated individuals even when they were required to work through their meal breaks.

Defendant's Position

Defendant contends that Plaintiff's claims are improperly before this Court in light of the fact that Plaintiff executed a valid and binding arbitration agreement and class waiver agreement and as a result, Defendant filed its Motion to Dismiss and Compel Arbitration that is pending before the Court. Notwithstanding that Plaintiff's claims asserted herein are subject to binding individual arbitration, Defendant denies Plaintiff's allegations and claimed damages.

4. Specify the allegation of federal jurisdiction.

Plaintiff alleges that jurisdiction in this action is proper in this Court by 29 U.S.C. § 216(b) and by provisions of 28 U.S.C. § 1331 relating to "all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

Plaintiff: None

Defendant: Defendant acknowledges that Plaintiff's claims under the Fair Labor Standards Act create federal jurisdiction; however, Defendant contends that jurisdiction is not proper in light of the arbitration agreement and class waiver executed by Plaintiff.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiff: None, other than additional putative class members or opt-ins who file consent forms to join this case.

Defendant: None. Plaintiff executed a valid arbitration and class waiver agreement that is the subject of Defendant's Motion to Dismiss and Compel Arbitration. In that agreement Plaintiff agreed any action against Defendant would be subject to binding arbitration and in her individual capacity.

7. List anticipated interventions.

Plaintiff: There are none at this time.

Defendant: There are none at this time.

8. Describe class-action issues.

Plaintiff alleges that plaintiffs are members of a class of individuals who are similarly situated.

None. Plaintiff executed a valid arbitration and class waiver agreement that is the subject of Defendant's Motion to Dismiss and Compel Arbitration. In that agreement Plaintiff

   agreed any action against Defendant would be subject to arbitration and in her individual capacity.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

   Pending the Court's ruling on Defendant's Motion to Dismiss and Compel Arbitration, the parties have agreed to exchange Rule 26(a) disclosures within 14 days after the parties' rule 26(f) conference as provided for in FED. R. CIV. P. 26(a)(1)(C). The disclosures shall be made by November 2, 2020.

10. Describe the proposed agreed discovery plan, including:

    a.  discovery is needed on the following subjects:

        Identity of co-workers, and class members who worked the front desk during the last 3 years. Work schedules of co-workers and class members who worked the front desk during the last 3 years. Payroll and time records.

    b.  the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:

        Plaintiff anticipates taking the deposition of any expert designated by the Defendant by the close of discovery.

    c.  the date experts for defendant will be designated and their reports provided to opposing party:

        Defendant anticipates taking the deposition of any expert witness that Plaintiff intends to call at trial prior to the close of discovery.

    d.  the date discovery can reasonably be completed:

        August 4, 2021.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    <u>Plaintiff's position</u>

    Not applicable.

    <u>Defendant's position</u>

    In light of Defendant's Motion to Dismiss and Compel Arbitration, Defendant contends it is premature to agree to a discovery schedule.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    No discovery has been undertaken to date.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties are open to discussing settlement possibilities, and are currently in settlement negotiation.

14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

    The parties are amenable to conducting settlement discussions in an attempt to bring about prompt resolution of this matter. The parties believe these discussions would be productive after some discovery.

    The parties both agree to accept service via email and fax to expedite the proceedings.

15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

    Mediation may be productive after adequate discovery has been completed.

16. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non−jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.

    The Parties do not consent to a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    No.

18. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

    Plaintiff's position

    Plaintiff in this case cannot be estimated until after the Court rules on Plaintiff's Motion for Conditional Certification and any Motion for Decertification Defendant may need to file and proposes that the parties submit a Supplemental Joint Case Management Plan after the certification issues in this matter have been ruled upon by the Court.

    Defendant's position

    Because of the Arbitration Agreement and Class Waiver executed by Plaintiff wherein she agreed to submit any dispute to binding arbitration and in her individual capacity and in light of Defendant's pending Motion to Dismiss and Compel Arbitration on the same

    subject, Defendant agrees with Plaintiff that it is premature at this point to specify the length of time necessary to try this case.

19. List pending motions that could be ruled on at the initial pretrial conference.

    Pending before the Court is Defendant's Motion to Dismiss and Compel Arbitration and Plaintiff's Response.

20. List other motions pending.

    Pending before the Court is Defendant's Motion to Dismiss and Compel Arbitration.

21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.

    There are none at this time.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

    Plaintiff filed Certificate of Interested Parties on September 4, 2020.

    Defendant filed Certificate of Interested Parties on September 17, 2020.


_/s/ Trang Q. Tran_____     _October 19, 2020_____
Counsel for Plaintiff(s)                                      Date


_/s/ James McBride_*_____     _October 19, 2020_____
Counsel for Defendant(s)                                   Date


*Signed by Permission